UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DANIEL L. PLYLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-138-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LELAND DUDEK, | ) | **MEMORANDUM ORDER** |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Daniel Plyler has filed a second motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Record No. 20] Thereafter, the parties filed a "stipulated motion" agreeing to a slight reduction to the amount requested by the plaintiff. [Record No. 21] For the reasons that follow, the stipulated motion [Record No. 21] will be granted and the previously filed second motion [Record No. 20] will be denied as moot.

Plyler filed this action on May 22, 2024, claiming that the ALJ's decision denying disability benefits was not supported by substantial evidence. [Record No. 1] After the plaintiff filed a brief supporting his claims, the then Commissioner filed an unopposed motion to remand Plyler's case to the Social Security Administration for a rehearing pursuant to

---

[1] Acting Commissioner Michelle King resigned February 17, 2025, and was replaced by Leland Dudek, as Acting Commissioner. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is properly substituted for Michelle King as the defendant in this action.

- 1 -

sentence four of 42 U.S.C. § 405(g).[2]  [Record Nos. 11, 15] The Court granted the motion to remand.  [Record No. 16]

The parties initially filed a stipulated motion for EAJA attorney fees on January 28, 2025, requesting that $4,400.00 be paid to plaintiff's counsel.  [Record No. 18] However, that motion was denied because it did not contain "a statement of the amount sought together with an itemized account of time expended and rates charged."  [Record No. 19] *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing 28 U.S.C. § 2412(d)(1)(B)).  The plaintiff responded with a new second motion, increasing the fee request to $5,630.09 (based on 24.15 hours of work performed at $233.13 per hour), and $405.00 in costs.  [Record No. 20] Next, the parties tendered a stipulated motion for fees of $5,297.55 (reflecting a $219.25 hourly rate), and $405.00 in costs under the EAJA.  [Record No. 21]

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position is substantially justified.  28 U.S.C. § 2412(d)(1)(A).  Importantly, the EAJA also specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  § 2412(d)(2)(A).  A party seeking an award of fees and expenses must apply within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged."  *Scarborough v. Principi*, 541 U.S.

---

[2] Rather than file a substantive brief, such action by the defendant has become common practice in this district over the past few months.

- 2 -

401, 408 (2004) (citing § 2412(d)(1)(B)).  The party also must allege that the United States' position was not substantially justified.  *Id.*

Based on the defendant's actions, Plyler is a "prevailing party" under the statute because his case was remanded under sentence four of 42 U.S.C. § 405(g).  *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA.")).  And he is eligible to receive an award under the EAJA because his "net worth did not exceed $2,000,000 at the time the civil action was filed."  *See* § 2412(d)(2)(B).  [Record No. 20] Further, Attorney Clifford Farrell has provided an itemized account of the time he expended on this case. [Record No. 20-3] Finally, by tendering a stipulated motion for attorney fees under the EAJA, the United States concedes that its position was not substantially justified.  [Record No. 21]

The 24.15 hours claimed is consistent with what would be expected in this case and, therefore, is reasonable and compensable under the EAJA.  Plaintiff's counsel drafted a brief in support of Plyler's position before the matter was remanded.  [Record Nos. 11 and 20-3] In addition, the requested hourly rate of $219.25 per hour is currently considered reasonable for this type of case, particularly considering attorney Farrell's background and experience.  *See Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491 (6th Cir. 2021) (finding a range of comparable hourly market rates between $205 and $500).  Accordingly, the plaintiff will be awarded $5,297.55 in attorney's fees and $405.00 in costs, totaling $5,702.55.

The parties agree that Plyler has assigned his right to EAJA fees to his attorney.  However, it is unclear whether Plyler owes any debt that is subject to a government offset under the Treasury Offset Program.  *See* 31 U.S.C. § 3716(c)(3)(A).  Accordingly, if, after

receiving the Court's order, the Acting Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the Acting Commissioner may make fees payable to the plaintiff's attorney.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The parties' motion for attorney fees and costs [Record No. 21] is **GRANTED**. Plaintiff Daniel Plyler is awarded $5,297.55 in attorney fees and $405.00 in costs, for a total of $5,702.55, under the Equal Access to Justice Act.

2. The plaintiff's motion for attorney fees and costs [Record No. 20] is **DENIED** as moot.

Dated: February 21, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky